UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADVANCED TELECOMMUNICATION NETWORK, INC., | ) ) | Case No. 6:03-bk-00299-KSJ Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ADVANCED TELECOMMUNICATION NETWORK, INC., | ) ) | |
| | ) | Adversary No. 6:05-ap-00006-KSJ |
| Plaintiff, | ) | Consolidated with |
| vs. | ) | Adversary No. 6:11-ap-00008-KSJ |
| | ) | |
| FLASTER/GREENBERG, P.C., PETER R. SPIRGEL, and STEVEN B. SACHAROW, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION PARTIALLY
GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS**

Advanced Telecommunication Network, Inc. ("ATN"), the Debtor in this Chapter 11 case and the Plaintiff in these consolidated adversary proceedings, obtained a judgment in 2010 avoiding a $6 million payment it made to its own former owners Daniel and David Allen.[1] The avoided payment was made pursuant to a Shareholder Settlement Agreement resolving litigation between the Allens and Gary K. Carpenter, another owner of ATN. In these two adversary

---

[1] 6:03-AP-122, Doc. No. 385. In 2004, this Court conducted a three-day trial of ATN's lawsuit against the Allens and determined the transfers were not avoidable. The United States District Court for the Middle District of Florida affirmed; but, on further appeal, the Eleventh Circuit Court of Appeals partially reversed this Court's judgment and remanded the adversary proceeding for further factual findings and legal rulings. Ultimately, the Debtor obtained the $6 million judgment against the Allens.

proceedings, ATN now is pursuing claims against the Allens' lawyers — Flaster/Greenberg, P.C., Peter R. Spirgel, and Steven B. Sacharow ("the Defendants"). The Amended Complaint in Adversary Proceeding No. 5-AP-6 ("the Amended Complaint") is a ten-count pleading seeking recovery of the entire $6 million settlement payment as an actually and constructively fraudulent transfer as well as damages resulting from the Defendants' alleged aiding and abetting of Daniel Allen's breaches of fiduciary duties and participation in a civil conspiracy with the Allens. In 2011, ATN brought Adversary Proceeding 11-AP-8 pursuant to 11 U.S.C. § 550 ("the § 550 Complaint"), seeking to recover from Flaster/Greenburg, P.C. the $6 million transfer this Court previously avoided. The Court consolidated the two adversary proceedings.[2]

The Defendants now move to dismiss four counts of the Amended Complaint and the § 550 Complaint:[3]  1) As to Counts III and IV of the Amended Complaint seeking recovery of actually fraudulent obligations and transfers, the Defendants argue the counts are barred by collateral estoppel because this Court finally determined in the prior adversary proceeding against the Allens that ATN did not transfer the funds with actual fraudulent intent; 2) As to Count IX alleging the Allens' lawyers aided and abetted the Allens' breach of fiduciary duty, the Defendants argue this Court previously determined: (a) there is no cause of action under New Jersey law for aiding and abetting the breach of a fiduciary duty, and (b) Daniel Allen, in fact, did not breach any fiduciary duties to the corporation; 3) As to Count X, which alleges civil conspiracy, the Defendants argue New Jersey law does not allow a cause of action for conspiracy between a client and attorney and the litigation privilege bars the claim; and 4) As to the § 550 Complaint, the Defendants argue the law firm was a mere conduit for the $6 million settlement payment and is not liable to repay the avoided transfer.

---

[2] 5-AP-6, Doc. No. 58; 11-AP-8, Doc. No. 19.
[3] 5-AP-6, Doc. No. 61.

ATN challenges the power of this Court to adjudicate the challenged claims. Counts III and IV of the Amended Complaint and the § 550 Complaint are proceedings to determine, avoid, or recover fraudulent conveyances. As such, they fall within this Court's core jurisdiction.[4] Counts IX and X of the Amended Complaint, while not arising out of Title 11 nor core proceedings, are related to the Debtor's case and are properly heard by this Court pursuant to 28 U.S.C. § 157(c)(1) and the Standing Orders of Reference, entered by the Hon. W. Terrell Hodges and the Hon. Anne C. Conway, United States District Court for the Middle District of Florida.[5]

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[6] courts must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.[7] Dismissal is appropriate under Rule 12(b)(6) if the plaintiff "can prove no set of facts that would support the claims in the complaint."[8]

The Court grants the Defendants' motion in part. Counts III and IV of the Amended Complaint are dismissed. The motion is denied as to Counts IX and X of the Amended Complaint and as to the sole count of the § 550 Complaint.

Counts III and IV: Alleging Actual Fraud

Count III of the Amended Complaint alleges the obligations incurred by ATN in the Shareholder Settlement Agreement were incurred with the actual intent to hinder, delay or defraud a creditor of ATN. Count IV alleges ATN made payments pursuant to the Shareholder

---

[4] 28 U.S.C. § 157(b).
[5] *See* 84-MISC-152; 6:12-MISC-26-ORL-22. "'[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). To the extent the claims filed in this Court are non-core and the parties do not consent to their final disposition by this Court, this Court's findings and rulings shall be considered proposed findings of fact and conclusions of law for the consideration of the United States District Court for the Middle District of Florida pursuant to 6:12-MISC-26-ORL-22.
[6] Made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b)(6).
[7] *Financial Security Assur., Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1262 (11th Cir. 2006).
[8] *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Settlement Agreement with actual intent to hinder, delay or defraud a creditor of ATN. These counts are dismissed because they are barred by application of collateral estoppel.

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action."[9] Four elements must be proven by a party seeking to invoke collateral estoppel:

> (1) the issue at stake must be identical to the one involved in the prior litigation;
>
> (2) the issue must have been actually litigated in the prior suit;
>
> (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and
>
> (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.[10]

In this case, the Defendants have demonstrated each of the four prongs is satisfied. The issue here is identical to that litigated in the prior adversary proceeding. Counts III and IV of ATN's Amended Complaint allege the same actual fraud causes of action pleaded by ATN in Counts 3 and 4 of the Amended Verified Complaint in the prior adversary proceeding brought against the Allens; they allege ATN acted with intent to hinder, delay, or defraud its creditors when it entered into the Shareholder Settlement Agreement and transferred monies pursuant to it.[11] This Court conducted a three-day trial in the prior case, heard evidence on these claims, and determined no actual fraud took place. The first and second prongs of the collateral estoppel test are satisfied.

The third prong also is satisfied. This Court's determination that no actual fraud occurred was essential to the valid and final judgment rendered by this Court on Counts 3 and 4 in the

---

[9] *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995).
[10] *In re McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).
[11] 6:03-AP-122, Doc. No. 163.

prior litigation. This Court found "none of the parties to the [Shareholder Settlement] Agreement had the actual intent to hinder, delay, or defraud creditors, either present or future, of ATN when they entered into the Agreement or when the transfers occurred. . . . Counts 3 and 4 fail."[12] These findings and the judgments against ATN on Counts 3 and 4 of its Amended Verified Complaint in the adversary proceeding against the Allens stand. They have not been reversed or vacated.[13] ATN did not appeal the judgments against it on Counts 3 and 4 in its case against the Allens. The Eleventh Circuit did not consider those judgments or modify the factual findings regarding actual fraud. The amended judgments entered following remand did not alter the already final judgments on Counts 3 and 4 finding that no actual fraud occurred.[14]

Finally, the fourth prong to establish collateral estoppel also is satisfied. ATN is the Plaintiff in this case and was the plaintiff in the first case; it is the party the Defendants now seek to bar from relitigating its actual fraud allegations. ATN had a full and fair opportunity to litigate fraudulent intent at the three-day trial of its case against the Allens. This Court heard ATN's evidence and argument and rejected its theory of actual fraud. ATN had its bite at the apple; it does not get a second chance.

Collateral estoppel bars ATN's prosecution of Counts III and IV of the Amended Complaint. They are dismissed.

### Count IX: Aiding and Abetting Breach of a Fiduciary Duty

On the other hand, collateral estoppel does not bar ATN from litigating its claim against the lawyers for aiding and abetting a breach of fiduciary duty by Daniel Allen. In this case,

---

[12] 6:03-AP-122, Doc. No. 258 at 40-41.
[13] *See Advanced Telecommunication Network, Inc. v. Allen, et al.*, 490 F.3d 1325, 1331 & n.7 (11th Cir. 2007) (explicitly stating Counts 3 and 4 were not appealed and, therefore, were not considered by the Eleventh Circuit).
[14] Indeed, ATN's Motion for Entry of Judgment on Remand argued ATN was entitled to a judgment in its favor on only two counts, Counts 2 and 6, which asserted constructive fraudulent transfer claims under Sections 25:2-27 and 25:2-25 of the New Jersey Statutes. 6:3-AP-122, Doc. No. 348. Neither ATN nor the Allens wanted to reopen the evidence on remand.

unlike the previous adversary proceeding, ATN has presented the Court with authority establishing such a tort exists under New Jersey law.[15]

Further, this Court's previous factual findings do not bar ATN's prosecution of this claim. On appeal, the Eleventh Circuit found ATN's $6 million transfer "clearly breached Section 14A:7-14.1(2)'s prohibition" on distributions by an insolvent corporation. The Amended Complaint alleges that Daniel Allen breached his fiduciary duties to ATN by signing the Shareholder Settlement Agreement and authorizing the prohibited distributions, that the Defendants knew Daniel Allen was breaching his fiduciary duties, and that the Defendants "were the architects" of those breaches.[16] ATN has adequately pleaded the aiding and abetting tort under New Jersey law, and this Court did not make any factual findings in the prior adversary proceeding that would preclude ATN's prosecution of this cause of action based on its current allegations. The Motion to Dismiss is denied as to this count.

## Count X: Civil Conspiracy

The Defendants next argue the civil conspiracy count in the Amended Complaint must be dismissed because attorneys acting on behalf of clients are not distinct from the clients and thus cannot conspire with the clients as a matter of law. However, New Jersey allows civil conspiracy claims to be pursued against attorneys who knowingly agree to aid their clients in violating the Uniform Fraudulent Transfers Act (UFTA), codified at N.J.S.A. 25:2-25.[17] The Amended Complaint properly pleads civil conspiracy against the Defendants to the extent it

---

[15] *Judson v. People Bank & Trust Co.*, 1345 A.2d 761, 767 (N.J. 1957) (holding bank liable to shareholders for knowingly aiding a corporate president and director in misusing corporate assets).
[16] Doc. No. 52, ¶¶137-46.
[17] *Banco Popular N.A. v. Gandi et al.*, 876 A.2d 253, 261-64 (N.J. 2005).

alleges they knowingly agreed and aided the Allens in violating the UFTA's constructive fraudulent transfer provisions.[18]

The Defendants' second argument — that the litigation privilege shields them from the conspiracy claim — also fails. The Defendants ignore *Banco Popular N.A. v. Gandi et al.*[19] and provide no authority for the proposition that a constructively fraudulent transfer cannot be the basis of the conspiracy liability discussed in *Gandi* solely because it results from settled litigation. Additionally, many of the acts alleged in the Amended Complaint were not in the context of litigation.[20]

The Motion to Dismiss is denied as to Count X of the Amended Complaint.

## The § 550 Count

Finally, the Defendants argue they cannot be liable to ATN under § 550 because the law firm was a mere conduit for the $6 million that was paid to the Allens. As the Defendants recognize, the mere conduit rule is an affirmative defense. It requires initial recipients of fraudulently-transferred funds to establish:

> (1) that they did not have control over the assets received, i.e., that they merely served as a conduit for the assets that were under the actual control of the debtor-transferor and
>
> (2) that they acted in good faith and as an innocent participant in the fraudulent transfer.[21]

At this early juncture and with the case in this procedural posture, this Court cannot make the factual finding that the Defendants acted in good faith and as innocent participants in the

---

[18] For the reasons stated above in the discussion of the actual fraud counts, the conspiracy cause of action cannot succeed to the extent it rests on allegations of actual fraud by ATN.
[19] 876 A.2d at 261-64.
[20] *See e.g.,* Doc. No. 52, ¶152 j, k, & l.
[21] *Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1323 (11th Cir. 2010).

transfer.  Because such a finding is necessary to application of the mere conduit defense, the motion to dismiss is denied as to the § 550 count.

In conclusion, the Defendants' Motion to Dismiss[22] is partially granted.  Counts III and IV of the Amended Complaint are dismissed with prejudice.  All counts other than III and IV of the Amended Complaint and the § 550 Complaint remain.  A pretrial conference is set for **11:00 a.m. on February 21, 2013**, at the United States Bankruptcy Court, 6th Floor, Courtroom A, 400 West Washington St., Orlando, Florida 32801.

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on February 4, 2013.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[22] 5-AP-6, Doc. No. 61.